**WAINWRIGHT v. ROTHENSIES, Collector of Internal Revenue.**

No. 1664.

District Court, E. D. Pennsylvania.

March 6, 1942.

George P. Orr and T. F. Dixon Wainwright (of Orr, Hall & Williams), all of Philadelphia, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and O. W. Hammonds, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by the executrix of Daniel B. Wentz, Jr., for a refund of income tax paid by the decedent for the year 1937. I make the following special

Findings of Fact.

1. On August 4, 1930, Wentz lent Oliver F. Taylor, a personal friend of long standing, $10,000 on the latter's promissory note payable in five years with six per cent interest.

2. On August 4, 1935, Taylor gave Wentz, in place of his original note, a new note for $13,000, representing the original loan with accrued interest, payable in five years, with six per cent interest thereon.

3. At the same time Taylor took out a term insurance policy in the amount of $15,000, with Wentz as beneficiary, as security for the repayment of the note, and agreed to pay the premiums to maintain this policy in force.

4. Taylor never repaid any of the amount borrowed, nor did he pay any interest thereon to the decedent or to his executrix.

5. In April, 1937, Taylor turned over all his assets to his wife to satisfy her marital demands, and he so advised Wentz. Included therein was the insurance policy turned over by Wentz at the request of Taylor and then assigned to Taylor's wife.

6. Between April and August, 1937, Wentz told his secretary, Schreck, not to send any more interest bills, after the August bill, to Taylor because the latter was "broke". Schreck made a memorandum of this at the time and placed it in the file.

7. Wentz kept no books except a cash memorandum book in which he entered cash expenditures and receipts.

8. Wentz did not ascertain in 1937 that the Taylor debt was worthless, nor did he charge it off as a bad debt in that year.

9. Wentz's income tax returns had for some years been prepared by W. S. Holland, who acted as a bookkeeper for him.

10. Wentz's 1937 income tax return, prepared by Holland, was signed by Wentz on March 10, 1938.

11. No bad debt deduction was claimed by Wentz in his 1937 income tax return for the Taylor debt.

12. In 1937 Wentz still expected payment and Taylor still intended to pay it.

13. Wentz died in 1940 and plaintiff was duly appointed his executrix.

14. The Commissioner of Internal Revenue disallowed the claim for tax refund made by the executrix.

15. At the trial in November 1941 Taylor, testifying for the taxpayer, testified that he still intends to pay the note whenever he possibly can.

## Discussion.

It appears that Taylor was solvent from August, 1930, until some time in 1937, but that the payment of the loan would have forced him to liquidate at a loss securities he owned on margin and for the protection of which he had borrowed the money from Wentz. At no time during this period did Wentz seek to enforce payment, although he had his secretary send out regular bills for interest to Taylor.

In May of 1937 Wentz was stricken with polyneuritis, with which he suffered until his death in 1940. He was confined to a hospital during part of 1937, but his condition improved appreciably thereafter. The bulk of his income was derived from various trusts and the balance of the financial information needed by Holland, for the preparation of the tax return, was obtained from a cash book in which he entered income from a few securities owned by Wentz, any personal obligations, and expenditures for charities and other purposes. In this book appeared an entry reflecting the original loan to Taylor in 1930 and the accumulation of interest five years later.

After Wentz's death his executrix filed a claim for a refund of the 1937 income tax paid by him on the ground that he had ascertained the Taylor debt to be worthless during that year and had mentally charged it off. His failure to claim credit therefor in his 1937 tax return is alleged to have been the result of the fact that during his illness his mind was not on financial affairs and he never advised Holland to take the credit, nor did he notice Holland's failure to have this credit appear in the 1937 return. After the Commissioner disallowed the claim, Wentz's executrix filed the present action against the Collector of Internal Revenue.

The first contention of the defendant is that plaintiff is not entitled to the bad debt deduction because she has failed to carry the burden of proof that Wentz did ascertain Taylor's debt to be worthless in 1937 and did not in fact charge it off in that year. While the case is a very close one on the facts, I am constrained to sustain this contention. The evidence relied upon by the plaintiff is that in April of 1937 Taylor told Wentz that he had turned over all his property to his wife and that Wentz, at about that time, told his secretary not to send further interest bills to Taylor because he was "broke". Yet Taylor, who was called as a witness for plaintiff, testified that at that time Wentz "expected" payment and that he, Taylor, intended to pay the debt. When this testimony is considered in conjunction with the rather unequivocal nature of the instructions given by Wentz to his secretary and the admitted fact that no debt deduction was claimed by Wentz in his 1937 income tax return, it cannot be said that plaintiff has satisfactorily carried the burden of proving that the taxpayer did ascertain the debt to be worthless and did in fact charge it off in 1937. Failing to carry this burden, plaintiff is not entitled to refund she seeks. American Cigar Co. v. Commissioner of Internal Revenue, 2 Cir., 66 F.2d 425, certiorari denied 290 U.S. 699, 54 S.Ct. 209, 78 L.Ed. 601.

## Conclusions of Law.

1. Plaintiff has failed to carry the burden of proof upon her that the decedent taxpayer ascertained the debt owed him by Oliver F. Taylor became worthless in 1937 and charged it off in that year.

2. Judgment is hereby entered for defendant.